**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roland Cooke,<br><br>              Plaintiff,<br>vs.<br><br>The Corporation of the Bishop of the Church of Jesus Christ of Latter Day Saints, et al.,<br><br>              Defendants. | No. CV-17-08259-PCT-SPL<br><br>**ORDER** |

On November 30, 2017, Plaintiff Roland Cooke filed suit against the Corporation of the Bishop of the Church of Jesus Christ of Latter Day Saints and the Corporation of the President of the Church of Jesus Christ of Latter Day Saints.[1] (Doc. 1.) Plaintiff's sole claim against Defendants reads as follows: "In 2005, The Mormon Church confiscated our homes and property the vast majority of it in Arizona, and this court has jurisdiction in this case."[2] (Doc. 1 at 3.) The present case appears to be the third suit of its kind in the District of Arizona brought by Plaintiff relating to the State of Utah's reform of the United Effort Plan Trust in 2005. *See Cooke v. Corp. of the Pres. of the Church of Jesus*

---

[1] In his Complaint, Plaintiff incorrectly named "the Mormon Church" as a Defendant. (Doc. 14 at 1.) Plaintiff also appears to call himself "Rolico." (Doc. 1.)

[2] As first noticed by Judge Murguia, Plaintiff's claim "is an apparent reference to the fact that, in 2005, the State of Utah took control of the United Effort Plan Trust, which holds property of the members of the Fundamentalist Church of Jesus Christ of Latter-day Saints." *Cooke v. Corp. of the Pres. of the Church of Jesus Christ of Latter Day Saints*, No. CV-08-8080-PCT-MHM, 2009 WL 2450478, at *6, n.5.

*Christ of Latter Day Saints*, No. CV-08-8080-PCT-MHM, 2009 WL 2450478 (D. Ariz. Aug. 11, 2009); *Cooke v. Fed. Bureau of Investigation*, No. CV-09-08003-JWS, 2009 WL 3188470, (D. Ariz. Sept. 29, 2009); *Cooke v. Wisan*, No. CV-09-8152-PCT-JAT, 2010 WL 1641015 (D. Ariz. Apr. 22, 2010). Plaintiff has requested relief in the form of $777 billion and "a return of all tithing money for the last 20 years." (Doc. 1 at 4.) Defendants have moved to dismiss Plaintiff's Complaint with prejudice upon the following grounds: (1) lack of standing; (2) res judicata; and (3) failure to state a claim upon which relief can be granted. (Doc. 14.) Because standing is a threshold matter, the Court will address it first. *Bates v. United Parcel Serv.*, 511 F.3d 974, 985 (9th Cir. 2007) ("We must assure ourselves that the constitutional standing requirements are satisfied before proceeding to the merits.").

"Article III of the United States Constitution limits the jurisdiction of the federal courts to 'Cases' and 'Controversies.'" *Bayer v. Neiman Marcus Group, Inc.*, 861 F.3d 853, 861 (9th Cir. 2017). The restriction that federal courts are limited to hearing cases and controversies "requires a party invoking a federal court's jurisdiction to demonstrate standing." *Wittman v. Personhuballah*, 136 S. Ct. 1732, 1736 (2016) (internal citation omitted). A party invoking federal jurisdiction bears the burden of establishing the irreducible constitutional minimums of standing—that is, an injury in fact, a causal connection between the injury and the conduct complained of, and the likelihood that a favorable decision would provide redress. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal citations omitted). One "irreducible constitutional minimum" of standing is that plaintiff must have suffered an injury in fact—that is, "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id.* (internal citations and punctuation omitted). If Plaintiff is unable to meet this burden, the federal court lacks subject matter jurisdiction and the suit should be dismissed under Federal Rule of Civil Procedure 12(b)(1). *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004) (internal citations omitted).

Although a party may have satisfied the irreducible constitutional minimums of Article III standing, the courthouse doors may remain closed by virtue of the prudential limitations on standing—that is, the "body of judicially self-imposed limits on the exercise of federal jurisdiction." *City of L.A. v. Cty. of Kern*, 581 F.3d 841, 845 (9th Cir. 2009) (internal citation and punctuation omitted). One such prudential limitation is the requirement that "the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490 (1975). This limitation protects the federal courts from being "called upon to decide abstract questions of wide public significance even though other governmental institutions may be more competent to address the questions." *Id.* at 500.

Plaintiff has failed to establish that he has suffered an injury in fact. First, with respect to Plaintiff's claim that Defendants confiscated homes in 2005, Plaintiff has not alleged that his property was subject to confiscation during the reformation of the United Effort Plan's Trust. As Judge Teilborg noted in *Wisan*, Plaintiff's use of the word "our" suggests "that he has an interest in some property that was allegedly stolen, but fails to define specific property that was stolen from him or state a specific injury that he has personally suffered." 2010 WL 1641015, at *3. Second, Plaintiff purports to bring suit against Defendants "[o]n behalf of the millions of people caught in the vile, wicked snare of the Mormon Church," alleging that members of the Church of Jesus Christ of Latter Day Saints would not have tithed had they known how corrupt the Church's leaders are. (Doc. 1 at 1-2.) This is an insufficient means of establishing standing. Plaintiff has not alleged that he is a member of the Church of Jesus Christ of Latter Day Saints nor has he alleged that he has tithed. Plaintiff does not have standing to assert the claims of millions of members of the Church simply because they have tithed. Plaintiff has failed to establish that he has suffered an injury in fact.

Even assuming that Plaintiff had satisfied his burden of establishing the requisite injury, Plaintiff lacks standing to bring the present suit because he has failed to demonstrate causation and redressability. "[T]here must be a causal connection between

the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Lujan*, 504 U.S. at 560 (internal citations and punctuation omitted). Because any alleged injury suffered by Plaintiff as a result of the reformation of the United Effort Plan Trust is not fairly traceable to any actions taken by Defendants, Plaintiff has failed to establish causation—an irreducible constitutional minimum of standing. *See Wisan*, 2010 WL 1641015, at *3. Further, Plaintiff has not demonstrated the likelihood that his alleged injury would be "redressed by a favorable decision." *Lujan*, 504 U.S. at 561.

Because Plaintiff has failed to establish that he has standing to bring the present suit, the Court need not address the other grounds of dismissal contemplated in for Defendants' Motion to Dismiss. Accordingly,

**IT IS ORDERED**:

1. That Defendants' Motion to Dismiss (Doc. 14) is **granted**;
2. That Plaintiff's Complaint (Doc. 1) is **dismissed with prejudice**;
3. That Plaintiff's Motion for Extension of Time (Doc. 28) is **denied as moot**; and
4. That the Clerk of Court shall **terminate** this case and enter judgment accordingly.

Dated this 23rd day of April, 2018.

Honorable Steven P. Logan
United States District Judge

4